


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARIF KING,<br><br>                          Plaintiff,<br><br>-against-<br><br>JANET YELLEN, SECRETARY OF THE UNITED STATES TREASURY,<br><br>                          Defendant. | 22-CV-2939 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in Five Points Correctional Facility in Romulus, New York, brings this *pro se* action in which he sues Secretary of the United States Treasury Janet Yellen. Plaintiff alleges that he was unlawfully denied his stimulus checks under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020). For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

      The applicable venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(e)(1). Under that provision:

> [a] civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e)(1). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1).

      Plaintiff does not indicate where Yellen resides, although the Court presumes her office is located in Washington, D.C. Plaintiff does specify that he is currently incarcerated in Five Points

Correctional Facility in Romulus, New York. He further states that a substantial part of the events giving rise to his claims, specifically his attempts to comply with Defendant's instructions for receiving his stimulus check, "occurred here," presumably a reference to Five Points. (*See* ECF 2, at 2.) Five Points is located in Seneca County, New York, which falls within the Western District of New York. *See* 28 U.S.C. § 112(d). Moreover, it is plain that there is no real property involved in this action.

Plaintiff does not allege any facts showing that this court is a proper venue for this action. The only court that clearly appears to be a proper venue is the Western District of New York, the judicial district in which Plaintiff resides. Accordingly, venue lies in the Western District of New York, *see* 28 U.S.C. § 1391(1)(C), and the Court therefore transfers this action to the United States District Court for the Western District of New York, *see* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   April 13, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge